1   Tod L. Gamlen, State Bar No. 83458
        Tod.Gamlen@bakermckenzie.com
2   Christina Wong, State Bar No. 288171
        Christina.Wong@bakermckenzie.com
3   **BAKER & MCKENZIE LLP**
    660 Hansen Way
4   Palo Alto, CA  94304-1044
    Telephone: +1 650 856 2400
5   Facsimile: +1 650 856 9299

6   Two Embarcadero Center, 11th Floor
    San Francisco, CA 94111-3802
7   Telephone: +1 415 576 3000
    Facsimile: +1 415 576 3099

8
    Attorneys for Plaintiff
9   PSKW, LLC

10

11                  UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                      SAN JOSE DIVISION

|  |  |
|---|---|
| PSKW, LLC, | **Case No.  5:15-cv-03576** |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **(1) BREACH OF CONTRACT**<br>**(2) CONVERSION** |
| 3PEA INTERNATIONAL, INC., | **(3) INJUNCTION**<br>**(4) MONEY HAD & RECEIVED** |
| Defendant. | **(5) CONSTRUCTIVE TRUST**<br>**(6) UNJUST ENRICHMENT** |
|  |  |
|  | **<u>DEMAND FOR JURY TRIAL</u>** |

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Case No 5:15-cv-03576
COMPLAINT

1    Plaintiff PSKW, LLC (hereinafter "Plaintiff" or "PSKW"), by and through its attorneys,

2    brings this civil action against Defendant 3PEA International, Inc. ("3PEA" or "Defendant") and

3    complains and alleges as follows:

4                                    **INTRODUCTION**

5          1.      Plaintiff PSKW is the recognized market leader and innovator in the field of health

6    care reimbursement programs in the pharmaceutical and health care industries.  PSKW works with

7    pharmaceutical companies to create, and then implement, among other types of programs,

8    adjudicated corporate sponsored rebate programs by which individual patients are provided stored

9    value cards to assist the patient when purchasing prescription drugs.  Such programs make

10   pharmaceutical drugs more accessible to the patients, and have been well received by patients and

11   the entire health care industry.  In this Complaint the stored value card corporate rebate programs

12   which PSKW helps to create and implement are referred to as the "PSKW rebate programs."  In

13   implementing the PSKW rebate programs at issue in this action, 3PEA, a payment processing and

14   program management company, and Monterey County Bank ("Monterey Bank"), provided program

15   management, payment processing, stored value card issuance and banking functions.

16         2.      In late 2006 or early 2007, 3PEA started providing payment processing and program

17   management services for PSKW rebate programs.  PSKW is informed and believes, and on such

18   basis alleges, that as of 2007 3PEA and Monterey Bank had been involved in prior business dealings

19   or relationships.  3PEA recommended that Monterey Bank be used to issue stored value cards and

20   provide banking services for such programs.  PSKW had no prior involvement with, or knowledge

21   of, Monterey Bank.  PSKW is informed and believes, and thereon alleges, that in 2007 Monterey

22   Bank prepared a written Card Sponsorship and Services Agreement ("the 2007 Agreement") and

23   presented it to 3PEA, which agreement set forth terms by which Monterey Bank would issue stored

24   value cards and provide banking services for stored value card programs for which 3PEA provided

25   services, including the PSKW rebate programs.  3PEA, in turn, sent it to PSKW.  PSKW is informed

26   and believes, and on such basis alleges, that the 2007 Agreement was executed by Monterey Bank,

27   3PEA and PSKW in February 2007.  At all relevant times, all communications with Monterey Bank

28   relating to the services provided by Monterey Bank for the PSKW rebate programs were between

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

1

Case No 5:15-cv-03576
COMPLAINT

6734719-v9\SFODMS

Monterey Bank and 3PEA.

3.      In 2009, PSKW and 3PEA entered into another agreement, which they called the Second Addendum to the Card Sponsorship and Services Agreement ("the 2009 Agreement"). The purpose of the 2009 Agreement was to, among other things, resolve a dispute as to how unused funds (referred to below as "residual/expired funds") were to be remitted to PSKW when a PSKW rebate program expired.

4.      In this action PSKW is alleging claims against 3PEA based on said Defendant's breach of contract, conversion, and other wrongful acts relating to the PSKW rebate programs. As alleged in more detail below, PSKW deposited the monies to fund the programs at issue. However, when such programs expired Defendant withheld and converted unused funds rightfully belonging to PSKW, and has refused to remit them in the time frames agreed to, or at all. The relief PSKW is seeking in this action includes damages, injunctive relief, and the imposition of constructive trusts.

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction over this action, and each of the claims for relief, under 28 U.S.C. § 1332. At all relevant time the parties are, and have been, citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

        a.      Plaintiff is a limited liability company formed under the laws of Delaware, with its principal place of business in the state of New Jersey. Plaintiff has three members and each of them is a citizen and resident of the state of Florida -- (i) one member is a corporation incorporated under the laws of the state of Florida and has its principal place of business in Florida; (ii) another member is an individual who is a citizen and resident of the state of Florida; and, (iii) the remaining member is a trust created under the laws of Florida and whose sole trustee is a citizen and resident of the state of Florida .

        b.      Defendant 3PEA is a corporation incorporated under the laws of the state of Nevada and has its principal place of business in Henderson, Nevada.

6.      PSKW's claims arise in whole or in part in this district. Defendant 3PEA entered into the 2007 Agreement in which Defendant 3PEA agreed that such agreement was to be construed and performed in accordance with the laws of California and 3PEA submitted to jurisdiction in

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

6734719-v9\SFODMS

California.  Monterey Bank operates its business, resides in, and transacts business in this district.  3PEA engaged Monterey Bank to participate in the wrongful conduct alleged in this action and the steps Monterey Bank performed took place in this district.  PSKW is informed and believes, and on such basis alleges, that most, if not all of the funds which 3PEA has withheld and converted are being held in accounts at Monterey Bank.  Many of the acts on which the claims in this action are based took place in this district.  Venue in this district is proper pursuant to 28 U.S.C. § 1391(b).

**INTRA-DISTRICT ASSIGNMENT**

7.      Pursuant to Civil L.R. 3-2(c) and (e) and 3-5(b), venue is proper in the San Jose division of the Northern District of California because among the counties within the Northern District, a substantial part of the events or omissions which give rise to PSKW's claims, and/or a substantial part of the property that is the subject of the action, is situated in the County of Monterey.

**PARTIES**

8.      Plaintiff PSKW is an LLC formed under the laws of the state of Delaware, has its principal place of business in the state of New Jersey; and, as alleged above in ¶ 5, each of its three members are citizens and residents of the state of Florida.  It is engaged in the business of, among other things, creating and implementing health care reimbursement programs in the pharmaceutical and health care industries.

9.      PSKW is informed and believes, and on such basis alleges, that Defendant 3PEA is a Nevada corporation with its headquarters in Henderson, Nevada.  PSKW is informed and believes, and on such basis alleges, that 3PEA is engaged in the business of, among other things, providing payment processing services and program management services for prepaid and stored value card programs.

**BACKGROUND ALLEGATIONS**

A.      **Health Care Reimbursement Programs**

10.     The cost of health and medical care is one of the fastest rising expenses faced by individuals in the United States today.  There are various types of health care reimbursement programs which assist patients with the cost of prescription drugs.  Many of such programs are sponsored by pharmaceutical companies.  Such programs have been well received by the entire

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

3

Case No 5:15-cv-03576
COMPLAINT

6734719-v9\SFODMS

health care industry, including health care providers, patients, insurers and the pharmaceutical companies themselves.

11.     PSKW was founded in 2005 and is one of the first companies to work with pharmaceutical companies to create and implement health care reimbursement programs.  The programs implemented by PSKW use a variety of methods to provide assistance to patients, including adjudicated corporate sponsored rebate programs using stored value cards, that is, the PSKW rebate programs.  Such stored value cards are issued by one or more financial institutions, such as a bank, to PSKW, which then arranges for their distribution to patients.  When the patient brings the card to a pharmacy and his/her prescription is processed by the pharmacist, the card is "loaded" with rebate funds which are used to assist the patient with the cost of a particular prescription drug of the sponsoring pharmaceutical company.  PSKW works with pharmaceutical companies to develop various aspects of the program, including how long the program will last, the number of stored value cards to be issued, the amount of rebate that will be offered to the patients with the card, and how the stored value cards being used will be distributed to the patients.

12.     The PSKW programs relevant to this action were created for particular prescription drugs or brands.  For each such drug or brand one or more "batches" or "sets" of stored value cards were issued.  Each "batch" or "set" of cards has its own expiration date, after which the stored value cards can no longer be used by patients.

13.     Implementing a stored value card rebate program such as the PSKW rebate program requires various services and it is the business of PSKW either to provide such services, or to contract with third parties to provide them.  Such services include:

a.      "Program management" services which may involve, by way of example, managing the relationship with the bank(s) that issue the stored value cards; and, managing the issuance of such cards, including: working with "system operators" such as VISA® and Mastercard® to make sure that their requirements are met, working with the issuing bank to secure card numbers, and working with the company printing the physical cards.

b.      "Payment processor" services which include verifying the authenticity of the rebate being made for a patient using the card and authorizing the issuing bank to make payment.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

c.       Banking services which are performed by banks or similar financial institutions and include issuing the stored value cards used by the patients in such programs, maintaining the bank accounts that were used to hold the funds which finance the rebate transactions, transferring such funds upon the occurrence of a rebate transaction, and providing payment of the rebate when the stored value card is used.

d.       "Adjudication" services which is the process by which the amount of rebate to be provided to a patient under a stored value card is determined.  This determination is made by applying business rules developed by PSKW and the pharmaceutical company.

14.       The processing of rebate transactions also involves card network system operators, such as VISA®, Mastercard®, Cirrus®, or Plus®, which provide a recognized network by which each rebate transaction can be efficiently consummated.

15.       In the PSKW rebate programs, an empty or "unloaded" value card is provided to a patient, often times by the physician prescribing the drug that is the subject of the program.  When the patient goes to the pharmacy to fill his/her prescription, the pharmacist engages in certain steps to determine the rebate amount.  Such steps involve processing a rebate claim through an "adjudicator" which applies rules created by PSKW and the pharmaceutical company and authorizes the rebate to be loaded on the stored value card.  As soon as the rebate is determined, the data is sent to a card processor such as 3PEA, which takes steps to have the card "loaded" with the amount of rebate funds.  On occasion, the stored value card will expire before all of the funds loaded onto the card have been used; such unused funds are referred to as "residual/expired funds."

**B.       PSKW's Initial Relationship with Defendant 3PEA, 3PEA's Relationship with Monterey Bank, and the 2007 Agreement**

16.       Sometime prior to February 2007, PSKW started working with 3PEA to perform program management and payment processing services for PSKW rebate programs.  PSKW is informed and believes, and on such basis alleges, that as of late 2006 or early 2007 3PEA had a prior business relationship and/or business dealings with Monterey Bank; that in the course of working on PSKW rebate programs during the 2006-2007 time frame, 3PEA suggested that Monterey Bank be used to issue stored value cards and provide banking services for such programs; and, based on such

5

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

6734719-v9\SFODMS

Case No 5:15-cv-03576
COMPLAINT

1    suggestion, Monterey Bank started working with 3PEA to provide such services.

2         17.    PSKW is informed and believes, and on such basis alleges, that Monterey Bank

3    prepared the 2007 Agreement and had it delivered to 3PEA, which, in turn, sent it to PSKW.  The

4    purpose of the 2007 Agreement was to set forth terms by which Monterey Bank would issue stored

5    value cards and provide banking services for stored value card programs being managed by 3PEA,

6    including PSKW rebate programs.  PSKW is informed and believes, and on such basis alleges, that

7    in 2007 3PEA, Monterey Bank, and PSKW entered into the 2007 Agreement (including a first

8    addendum to the Agreement).  The 2007 Agreement had an effective date of February 2, 2007.

9         a.    Monterey Bank was to issue stored value cards and provide banking services

10   to 3PEA or PSKW in connection with stored value card programs of 3PEA or PSKW.

11        b.    The 2007 Agreement was to be effective for a period of three (3) years from

12   its February 2, 2007 effective date; and, after the expiration of this original three (3) year term, the

13   2007 Agreement was to be automatically renewed for consecutive periods of three (3) years unless

14   written notice of termination was given at least 180 days prior to the termination of the term in effect

15   at the time of such notice.  The term of the 2007 Agreement has been renewed twice, each time for

16   additional three (3) year terms; currently, the term of the 2007 Agreement expires on February 2,

17   2016.

18        c.    Section 9.2(b) of the 2007 Agreement provides that if the agreement is

19   terminated for any reason, "…the Parties will cooperate to provide a smooth and orderly wind-down

20   of the Program or Programs involved and to ensure a smooth transition for …[3PEA]… and

21   [PSKW]…with any affected Cardholders…".

22        18.    Monterey Bank was to approve all "batches" or "sets" of stored value cards which

23   Monterey Bank was to issue and to provide banking services, and approve the issuance of all such

24   cards.

25        19.    Various accounts were opened at Monterey Bank which were used for the funding

26   and processing of the PSKW rebate programs; these accounts included the following:

27        a.    "Pre-Funding Accounts."  A "master" Pre-Funding Account was opened by

28   3PEA, the purpose of which was to receive the deposit of funds from PSKW which funds were to

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

6

6734719-v9\SFODMS

Case No 5:15-cv-03576
COMPLAINT

used to fund, or "load" the stored value cards.  In addition, for each program and set of cards, a "program" Pre-Funding Account was opened at Monterey Bank into which 3PEA transferred amounts from the "master" account (in which PSKW had deposited funds) that were to be used to fund, or "load," the stored value cards that were issued as part of the program.

        b.     "Cardholder Account."  PSKW is informed and believes, and on such basis alleges, that 3PEA opened one or more accounts at Monterey Bank which were used to hold the funds that were actually "loaded" onto the stored value cards.  In this regard, when a patient presented his/her stored value card at the pharmacy, such card was "adjudicated" and the rebate was transferred from the "Pre-Funding Account" for such program to the Cardholder Account.  The Cardholder Account was controlled by 3PEA and PSKW had no ability to deposit or withdraw funds from such account.

        c.     "Settlement Clearing Account."  PSKW is informed and believes, and on such basis alleges, that 3PEA or Monterey Bank opened one or more accounts at Monterey Bank which were used to hold and transfer amounts from Monterey Bank corresponding to the patient's actual rebate.  In this regard, when the stored value card was used, the amount so used was transferred from the Cardholder Account to the Settlement Clearing Account; Monterey Bank then took steps to route such amount to the merchant bank of the pharmacy entitled to payment.  This account was controlled by Monterey Bank.

20.     At all relevant times prior to January 2015, it was 3PEA that had all communications with Monterey Bank as it relates to the services it was providing for the PSKW rebate programs.

21.     After the 2007 Agreement was entered into, Monterey Bank proceeded to issue stored value cards for PSKW rebate programs and provide banking services, including maintaining the bank accounts that were used to hold the funds which financed the rebate transactions, transferring such funds upon the occurrence of a rebate transaction, and providing payment of the rebate.  3PEA provided program management services and payment processor services for such programs.

22.     From time to time up to February 2009, certain stored value cards that were issued as part of the PSKW rebate programs expired with residual/expired funds still loaded on them.  Such residual/expired funds were part of the initial funds deposited by PSKW for such programs.  As

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Case No 5:15-cv-03576
COMPLAINT

6734719-v9\SFODMS

such, upon expiration the residual/expired funds associated with the card were to be remitted to PSKW.  And, except as referred to below, 3PEA did remit and transfer all such residual/expired funds to PSKW.

**C.    The 2009 Agreement**

23.    In 2008 and 2009 PSKW and 3PEA were negotiating a further agreement to set forth and/or clarify certain duties and responsibilities between PSKW and 3PEA; and, to address the fact that between 2007 and 2009 certain expired PSKW rebate programs had residual/expired funds which 3PEA did not remit or transfer to PSKW.  Although PSKW had the right to those residual/expired funds, they were maintained in one or more accounts at Monterey Bank controlled by 3PEA, and as of February 2009, 3PEA had refused to remit or transfer the residual/expired funds to PSKW.

24.    Effective February 27, 2009, 3PEA and PSKW entered into the 2009 Agreement.  A true and correct copy of the 2009 Agreement is attached hereto as **EXHIBIT A** and made a part of this pleading.  The purpose of the 2009 Agreement was to, among other things, clarify certain duties and responsibilities between PSKW and 3PEA, set forth amounts that 3PEA would charge PSKW for providing program management payment processing services, and resolve the dispute as to the remittance and transfer of the residual/expired funds when a program expired.

25.    The terms of the 2009 Agreement include the following, which are either set forth in the express terms of the 2009 Agreement and/or are implied by law and/or under the circumstances, including terms implied by course of dealing and course of performance.

a.    The 2009 Agreement had a term ending February 2, 2015.

b.    3PEA agreed to remit and transfer to PSKW all of the residual/expired funds that it had been holding prior to the 2009 Agreement according to a payment schedule set forth in the 2009 Agreement.

c.    Once the 2009 Agreement was in effect, 3PEA and PSKW agreed that 3PEA would be allowed to keep 5% of the residual/expired funds of "adjudicated programs"; and, that 3PEA, which held the residual/expired funds in accounts controlled by it at Monterey Bank, would remit to PSKW the remaining 95% of the residual/expired funds of "adjudicated programs."  3PEA

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

6734719-v9\SFODMS

agreed to wire transfer to PSKW such residual/expired funds "… within Five (5) business days of program closure and within One (1) business day upon fund removal and availability."

      **C.**     **Wrongful Acts of Defendant**

      26.     3PEA has engaged in, and/or threatened to engage in, acts, omissions, courses of conduct, and courses of performance which are, and have been, tortious, in violation of the 2009 Agreement, and otherwise wrongful, and which have caused significant and substantial harm, and threat of harm, to PSKW. These acts, omissions, courses of dealing, and courses of performance include, but are not limited to, those referred to in this Complaint. PSKW reserves the right to amend this Complaint to allege further facts in this regard as such further facts are discovered or became known.

      27.     Since approximately January 2015, Defendant 3PEA has failed and refused to return to PSKW residual/expired funds which are due to PSKW and were to be paid in accordance with the 2009 Agreement. PSKW is informed and believes, and on such basis alleges, that such unpaid residual/expired funds amount to approximately $5,800,000. The exact amount of such unpaid residual/expired funds is readily ascertainable from records maintained by 3PEA which list the unused balances for each of the cards issued as part of the PSKW rebate programs.

**FIRST CLAIM FOR RELIEF**

**(Breach of 2009 Agreement -- Damages)**

      28.     PSKW incorporates by reference paragraphs 1 through 27 as if fully set forth herein.

      29.     On or around February 27, 2009, PSKW and 3PEA entered into the 2009 Agreement which agreement creates obligations on the part of 3PEA in favor of PSKW, including but not limited to, the obligation to wire transfer to PSKW 95% of all residual/expired funds of adjudicated programs "… within Five (5) business days of program closure and within One (1) business day upon fund removal and availability."

      30.     PSKW has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the 2009 Agreement.

      31.     3PEA has breached the 2009 Agreement by failing to wire transfer, or otherwise deliver, pay, remit and/or return the 95% of residual/expired funds to PSKW for several programs

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

6734719-v9\SFODMS

within the time set forth in the agreement, or at any time.  PSKW is informed and believes, and on such basis alleges, that such programs include the following – Restasis 04, Restasis 05, Restasis 06, Travatan Z 08, Travatan Z 09 and Validus.  PSKW reserves the right to amend this Complaint to allege further facts in this regard as such further facts are discovered or became known.

32.     PSKW is informed and believes, and on such basis alleges, that the amount of funds wrongfully held by 3PEA and/or Monterey Bank for these programs is approximately $5,800,000.  The exact amount is readily ascertainable from records maintained by 3PEA.  PSKW reserves the right to amend this Complaint to allege further facts in this regard as such further facts are discovered or became known.  Such funds rightfully belong to PSKW.

33.     As a result of 3PEA's breach of contract, PSKW has been damaged in an amount which PSKW is informed and believes amounts to approximately $5,800,000.  PSKW reserves the right to amend this Complaint to allege further facts in this regard as such further facts are discovered or became known.

WHEREFORE, PSKW prays for relief as set forth herein.

## SECOND CLAIM FOR RELIEF

### (Conversion -- Damages)

34.     PSKW incorporates by reference paragraphs 1 through 27 as if fully set forth herein.

35.     At all times relevant hereto, PSKW had and has clear legal ownership and right to possession of 95% of the residual/expired funds being held by 3PEA.

36.     PSKW has made demands of 3PEA to return such funds but 3PEA has wrongfully refused to deliver to PSKW the residual/expired funds due it and has instead detained and converted the same for its own use and enrichment.

37.     As a direct and proximate result of 3PEA's acts of conversion, PSKW has been deprived of its property rights and suffered damages which PSKW is informed and believes, and thereon alleges, to be approximately $5,800,000.  PSKW reserves the right to amend this Complaint to allege further facts in this regard as such further facts are discovered or became known.

38.     The aforementioned acts of 3PEA were willful, wanton, malicious, and oppressive, and were undertaken with the intent to defraud, and justify the award of exemplary and punitive

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

10

Case No 5:15-cv-03576
COMPLAINT

6734719-v9\SFODMS

damages.

WHEREFORE, PSKW prays for relief as set forth herein.

## THIRD CLAIM FOR RELIEF

### (Injunctive Relief)

39.     PSKW incorporates by reference paragraphs 1 through 27 as if fully set forth herein.

40.     PSKW is informed and believes and thereon alleges that as a result of the wrongful conduct and activities of Defendant 3PEA, described herein, PSKW will suffer great and irreparable harm and damage if said Defendant is not enjoined from transferring, using, misappropriating or converting the residual/expired funds that belong to PSKW.

41.     PSKW has no adequate remedy at law for the harm which it has suffered and will continue to suffer in the future unless Defendant is restrained and enjoined from transferring, using, misappropriating or converting the residual/expired funds due to PSKW.

42.     Absent the injunctive relief sought herein, PSKW faces a serious risk of suffering irreparable harm from the wrongs that have been and will in the future be performed by Defendant. Defendant's wrongs are of a continuing character and will expose PSKW to continuing injury as Defendant continues to withhold, convert, misappropriate and transfer residual/expired funds.

43.     PSKW requests the issuance of temporary, preliminary and permanent injunctive relief enjoining 3PEA, and their agents, employees, and all persons acting in concert with them from transferring, withdrawing, using, disposing of or misappropriating any residual/expired funds they are holding, either directly or in accounts controlled by them.

WHEREFORE, PSKW prays for relief as set forth herein.

## FOURTH CLAIM FOR RELIEF

### (Money Had and Received)

44.     PSKW incorporates by reference paragraphs 1 through 27 as if fully set forth herein.

45.     Within the last four years Defendant became indebted to PSKW in the sum which PSKW is informed and believes amounts to approximately $5,800,000 for money had and received by Defendant for the use and benefit of PSKW.  PSKW reserves the right to amend this Complaint to allege further facts in this regard as such further facts are discovered or become known.

11

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

6734719-v9\SFODMS

Case No 5:15-cv-03576
COMPLAINT

46.     PSKW has demanded payment from Defendant.

47.     No payment has been made by Defendant to PSKW and there is now owing a sum which PSKW is informed and believes amounts to approximately $5,800,000, with interest.  PSKW reserves the right to amend this Complaint to allege further facts in this regard as such further facts are discovered or become known.

WHEREFORE, PSKW prays for relief as set forth herein.

## FIFTH CLAIM FOR RELIEF

### (Constructive Trust)

48.     PSKW incorporates by reference paragraphs 1 through 27 as if fully set forth herein.

49.     3PEA has converted and misappropriated the residual/expired funds to which PSKW is entitled from several of PSKW's rebate programs, including the following -- Restasis 04, Restasis 05, Restasis 06, Travatan Z 08, Travatan Z 09 and Validus, as alleged herein.

50.     By reason of the fraudulent and otherwise wrongful manner in which 3PEA obtained control and possession of the residual/expired funds, 3PEA has no legal or equitable right, claim or interest therein, but, instead, 3PEA is an involuntary trustee holding funds in constructive trust for PSKW with the duty to convey the same to PSKW forthwith.

51.     For these reasons, the Court should impose a constructive trust over all residual/expired funds being controlled or possessed by 3PEA and which are due PSKW; and, declare that 3PEA controls, holds and/or possesses such residual/expired funds as a constructive trustee for the benefit of PSKW.

WHEREFORE, PSKW prays for relief as set forth herein.

## SIXTH CLAIM FOR RELIEF

### (Unjust Enrichment)

52.     PSKW incorporates by reference paragraphs 1 through 27 as if fully set forth herein.

53.     3PEA, by its wrongful and deceptive conduct as alleged above unjustly obtained profits that were intended to be delivered to PSKW, including the residual/expired funds due to PSKW.

54.     As a result of 3PEA withholding residual/expired funds, 3PEA was unjustly enriched

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

6734719-v9\SFODMS

1   at the expense of PSKW.  PSKW seeks restitution for all of 3PEA's unjust enrichment, including

2   disgorgement of all payments, profits, and revenues 3PEA obtained as a result of its wrongful

3   conduct.

4        WHEREFORE, PSKW prays for relief as set forth herein.

5                        **PRAYER FOR RELIEF**

6        WHEREFORE, Plaintiff hereby prays for relief as follows:

7        1.      Compensatory damages in an amount to be proven at trial;

8        2.      For injunctive relief preventing 3PEA from transferring, withdrawing using,

9   disposing of or misappropriating any residual/expired funds;

10       3.      For imposition of a constructive trust over all residual/expired funds due PSKW and

11  being held by Defendant;

12       4.      For restitution and disgorgement of all payments, profits, and revenues Defendant

13  obtained as a result of its wrongful conduct, in the amount to be proven at trial;

14       5.      For reasonable attorney's fees according to proof;

15       6.      For costs of suit;

16       7.      For pre- and post-judgment interest, to the extent allowable; and,

17       8.      For such other and further relief, including injunctive, declaratory, compensatory,

18  exemplary, and punitive relief, as the court may deem proper and just.

19  Dated:  August 4, 2015                    BAKER & McKENZIE LLP

20

21                                            By: /s/ Tod L. Gamlen
22                                                Tod L. Gamlen
                                                  Attorneys for Plaintiff
23                                                PSKW, LLC

24

25

26

27

28

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

6734719-v9\SFODMS

13

Case No 5:15-cv-03576
COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff PSKW hereby demands a trial by jury of all claims and issues that are subject to

3  determination by a jury.

4  Dated:  August 4, 2015                          BAKER & McKENZIE LLP

5
                                                   By: /s/ Tod L. Gamlen
6                                                      Tod L. Gamlen
                                                       Attorneys for Plaintiff
7                                                      PSKW, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

6734719-v9\SFODMS

Case No 5:15-cv-03576
COMPLAINT